UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| TAVIS MERRIMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:25 CV 476 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On February 19, 2025, plaintiff Tavis Merriman acquired real property

located at 5338 Fletcher St., St. Louis, Missouri 63136 by quitclaim deed.

Representing himself, Merriman brings this quiet-title action against the United

States of America, arguing that the federal tax lien that the Internal Revenue

Service recorded in August 2019 against the property's previous owner, John

Heck, is invalid, unenforceable, or subordinate to plaintiff's interest because Heck

no longer has ownership interest in the property.  Because the federal tax lien

attached to the property and survived the property's sale and Merriman's later

acquisition by quitclaim, I will grant the United States' motion for judgment on the

pleadings.  Merriman is not entitled to discharge of the lien.

### Background

On August 8, 2019, the IRS filed with the St. Louis County Recorder of

Deeds a Notice of Federal Tax Lien on all property and rights to property belonging to taxpayers John and Susan Heck.  On October 23, 2023, John and Susan Heck, as owners of real property located in St. Louis County at 5338 Fletcher Street, granted that property to Rex Hauling LLC[1] via a Collector's Deed for unpaid real estate taxes owed to St. Louis County.  The Collector's Deed, recorded on November 1, 2023, shows that the property was sold pursuant to a "Post Third Tax Sale."[2]   On December 17, 2024, Rex Hauling LLC obtained a state-court judgment against the Hecks and five financial institutions quieting title to the Fletcher property as to any claims, interests, or rights to the property by those defendants.  *See Rex Hauling, LLC v. John V. Heck, et al.*, Case No. 24SL-CC05819 (21st Jud. Cir. 2024).  The United States was not a party to that action. According to Merriman's complaint here, ownership of the property was transferred to him on February 19, 2025, by quitclaim deed.

Merriman contends that because the federal tax lien was issued against John

---

[1] According to Rex Hauling LLC's Articles of Organization filed with the Missouri Secretary of State, Tavis Merriman is its sole organizer.  *See* https://bsd.sos.mo.gov/BusinessEntity/BusinessEntityDetail.aspx?ID=4259257&page=beSearch.

[2] In Missouri, a county collector may proceed with a "post-third sale offering" if a tax-delinquent property is not sold after three consecutive annual tax-collection auctions.  Mo. Rev. Stat. § 140.250.  In St. Louis County, a post-third sale offering is made by a public electronic posting on the County's Collector of Revenue's website.  Bids are submitted to and processed by the collector.  The collector deeds the property to the highest bidder who satisfies the property's delinquent taxes.  *See Nationwide Mut. Ins. Co. v. Richardson*, 108 F.4th 673, 674 (8th Cir. 2024) (citing Mo Rev. Stat. §§ 140.190, 140.250; *State ex rel. Yoest v. McEvoy*, 529 S.W.3d 383, 386-87 (Mo. Ct. App. 2017)).

and Susan Heck, and that the Hecks no longer have ownership interest in the Fletcher property, the lien is no longer enforceable or valid against the property. Merriman seeks a declaration removing the federal tax lien as a cloud upon the title and declaring him as sole owner of the property, free and clear of any federal liens.

The United States moves for judgment on the pleadings, wherein it agrees with the factual averments in Merriman's complaint but argues that, as a matter of law, the federal tax lien attached to the property, was not discharged by sale of the property, and that the property remained subject to the lien upon its transfer to Merriman. In response, Merriman argues that the United States' failure to timely redeem the property under 26 U.S.C. § 7425(d) requires that its lien against the property be discharged. He therefore moves for an order discharging the federal tax lien from the property.

## Legal Standard

When considering a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c), I must accept as true all factual allegations set out in the complaint and must construe the complaint in the light most favorable to the plaintiff, drawing all inferences in his favor. *Wishnatsky v. Rovner,* 433 F.3d 608, 610 (8th Cir. 2006). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law[.]" *Ashley Cnty., Ark. v. Pfizer, Inc.*, 552 F.3d 659, 665 (8th Cir.

2009) (internal quotation marks and citation omitted).

I review a motion for judgment on the pleadings under the same standard as a Rule 12(b)(6) motion to dismiss. *See Clemons v. Crawford,* 585 F.3d 1119, 1124 (8th Cir. 2009). Therefore, I consider all facts alleged in the complaint as true to determine if the complaint states a "claim to relief that is plausible on its face." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *see also Braden v. Wal-Mart Stores, Inc.,* 588 F.3d 585, 594 (8th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678. Although a complaint need not contain "detailed factual allegations," it must contain sufficient factual allegations "to raise a right to relief beyond the speculative level." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

In addition to the complaint, I may consider materials necessarily embraced by the complaint and matters of public record without having to convert the motion to one for summary judgment. *Humphrey v. Eureka Gardens Pub. Facility Bd.*, 891 F.3d 1079, 1081 (8th Cir. 2018); *Ryan v. Ryan*, 889 F.3d 499, 505 (8th Cir. 2018). Materials necessarily embraced by the complaint include "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading." *Ryan*, 889 F.3d at 505 (internal quotation marks and citations omitted). In determining defendant's

motion here, I consider the Notice of Federal Tax Lien recorded on August 8,

2019, as material necessarily embraced by and consistent with Merriman's

complaint, as well as the Collector's Deed recorded November 1, 2023, which is a

matter of public record.  Both documents are attached to defendant's motion.

(ECF 11-1, 11-2.)  I also consider the state-court filings made in *Rex Hauling, LLC*

*v. John V. Heck, et al.*, Case No. 24SL-CC05819 (21st Jud. Cir. 2024), as matters

of public record,[3] as well as filings made with Missouri's Secretary of State.  *See*

*Noble Sys. Corp. v. Alorica Central, LLC*, 543 F.3d 978, 982 (8th Cir. 2008)

(statements on file with a state's secretary of state are public records that a court

can consider when ruling a motion to dismiss).

## Discussion

Under 26 U.S.C. § 6321,

> If any person liable to pay any tax neglects or refuses to pay the same
> after demand, the amount . . .  shall be a lien in favor of the United
> States upon all property and rights to property, whether real or
> personal, belonging to such person.

The transfer of property subject to a federal tax lien does not affect the lien; the

lien passes with the property.  *United States v. Bess*, 357 U.S. 51, 57 (1958) ("The

transfer of property subsequent to the attachment of the lien does not affect the

lien, for it is of the very nature and essence of a lien, that no matter into whose

---

[3] Those filings can be found on the State of Missouri's online docketing system, Missouri
Case.net.

hands the property goes, it passes *cum onere*[.]" (internal quotation marks and citation omitted)).  To be effective against third-party purchasers of the property, notice of the lien must be publicly filed in accordance with state recordation law. *Bremen Bank & Tr. Co. v. United States*, 131 F.3d 1259, 1263 (8th Cir. 1997); *Bob DeGeorge Assocs., Inc. v. Hawthorn Bank*, 377 S.W.3d 592, 597 (Mo. banc 2012); 26 U.S.C. § 6323.  *See also United States v. Stutsman Cnty. Implement Co.*, 274 F.2d 733, 736 (8th Cir. 1960) ("The government's contention that after notice of the tax lien had been duly filed the tax lien became and remained enforceable against the subsequent purchasers is so clearly supported by the statutory provisions that it appears to have been seldom disputed in court.").  For instruments affecting real estate, Missouri law requires such notice to be recorded in the office of the recorder of the county in which the real estate is situated.  Mo. Rev. Stat. § 442.380.

A non-judicial sale of property on which the United States has a lien is made "subject to and without disturbing" the lien if notice of the lien was recorded more than 30 days before the sale and the United States was not given notice of the sale "by registered or certified mail or by personal service, not less than 25 days prior to such sale[.]"  26 U.S.C. § 7425(b)(1), (c)(1).

Here, notice of the federal tax lien was recorded in the office of the St. Louis County Recorder of Deeds on August 8, 2019, which was more than 30 days

before sale of the Fletcher property on October 23, 2023.   And, given the terms

governing the bidding process of Post Third Sale offerings,[4] the United States was

not given notice of the October 2023 sale more than 25 days before it occurred.

Accordingly, under 26 U.S.C. § 7425(b)(1), the lien passed with the property when

the property was sold to Rex Hauling LLC on October 23, 2023.  And because

transfer of the encumbered property to Merriman by quitclaim deed in February

2025 transferred only whatever interest the transferor had in the property, *see*

*Webster Oil Co., Inc. v. McLean Hotels, Inc.*, 878 S.W.2d 892, 894-95 (Mo. Ct.

App. 1994), the United States' existing interest in the property – that is, its tax lien

– remained attached to the property upon transfer.  That the Hecks no longer had

an ownership interest in the property is of no instance.  The United States is

therefore entitled to judgment as a matter of law on Merriman's claim that the

Hecks' lack of ownership interest in the Fletcher property renders the federal tax

lien invalid, unenforceable, or subordinate to his own interest.

        In response to the United States' motion, however, Merriman raises an

additional claim that the federal tax lien should be discharged because the United

States failed to timely redeem the property under 26 U.S.C. § 7425(d).  Merriman

asserts that he gave the IRS notice in December 2024 of the tax sale of the Fletcher

---

[4] Post Third Sale Properties Instructions, *available at* https://stlouiscountymo.gov/st-louis-county-departments/revenue/collector-of-revenue/post-third-sale-offerings/post-third-sale-instructions/ (last visited July 16, 2025).

property, and he claims that such notice triggered the 120-day period within which the United States could redeem the property under § 7425(d).[5]  He contends that the United States' failure to redeem results in a discharge of the federal tax lien.  In the circumstances of this case, § 7425(d) does not apply.

In the case of a sale of real property by a non-judicial sale to satisfy a lien prior to a federal tax lien, the IRS may redeem that property within 120 days from the date of the sale or the period allowable under local law, whichever is longer. 26 U.S.C. § 7425(d)(1).  However, where a sale does not ultimately discharge the property from the federal tax lien, the provisions of § 7425(d) do not apply "because the tax lien will continue to attach to the property after the sale."  26 C.F.R. § 301.7425-4(a)(3).  *See Guardian Tax SC, LLC v. Day*, 554 F. Supp. 3d 785, 793 (D.S.C. 2020).  As discussed above, the October 2023 sale of the Fletcher property was made "subject to and without disturbing" the federal tax lien as provided by § 7425(b)(1) given that notice of the lien was recorded more than 30 days before the sale and the United States was not given notice of the sale at least 25 days before the sale occurred.  Because the tax lien continued to attach to the property after the sale, the redemption provisions of § 7425(d) do not apply.

---

[5] To support his claim, Merriman contends the "original tax sale" occurred in 2024, and he declares that the Collector's Deed was issued to "Mr. QB Investments LLC."  (ECF 12, 12-1.) As set out above, public records show that the sale occurred on October 23, 2023, with the Collector's Deed issuing to Rex Hauling LLC.

Accordingly,

**IT IS HEREBY ORDERED** that defendant United States of America's

Motion for Judgment on the Pleadings [10] is **GRANTED.**

**IT IS FURTHER ORDERED** that plaintiff Tavis Merriman's Motion to

Discharge Federal Tax Lien [12] is **DENIED**.

An appropriate Judgment is entered herewith.


CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE


Dated this 14th day of August, 2025.